```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCISCO PEREZ,          )
        Petitioner,       )
                          )
        vs.               )   Civil Action No. 06-988
                          )   District Judge Gary L.
                          )   Lancaster
JAMES T. WYNDER,          )   Magistrate Judge Lisa Pupo
                          )   Lenihan
        Respondent.       )
```

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the Motion to Transfer this Case to the United States District Court for the Eastern District of Pennsylvania (doc. no. 10) be granted.

II.  REPORT

Petitioner, Francisco Perez, a state prisoner incarcerated a the State Correctional Institution at Dallas, Pennsylvania, brings this habeas corpus petition pursuant to 28 U.S.C. § 2241. The conviction and sentence at issue in the Petition was imposed by the Court of Common Pleas of Berks County, Pennsylvania on March 16, 2001. Petitioner is incarcerated in this district although his conviction was obtained in the Court of Common Pleas of Berks County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

Under 28 U.S.C. § 2241(d), the Petitioner's Habeas Petition could have been filed either in this district, where he is held in custody, or in the Eastern District of Pennsylvania, the district in which his conviction was obtained. The United States District Court for the Eastern District of Pennsylvania has jurisdiction over the county in which the state court records are located, as well as the district attorney of the county that prosecuted Petitioner, his trial counsel, and any relevant witnesses. 28 U.S.C. § 2241(d) provides that "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." In addition, Section 1404 of Title 28 grants district courts discretion to transfer cases to any other district where the action may have been brought. A federal court must review the entire state court record when reviewing a petition for a writ of habeas corpus to determine whether the petitioner has exhausted his state court remedies and whether he has committed procedural default barring federal review of his claims. When the state court opinions are silent, "we examine the pretrial, trial and appellate briefs submitted to the state court." Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

*See also* Swanger v. Zimmerman, 750 F.2d 291, 295-97 (3d Cir. 1984) (when the district court denied the petition for failure to exhaust state remedies, the Court of Appeals disagreed and, because it could not determine without the entire state record whether the petitioner had committed procedural default, it remanded to the district court to make this determination).

Petitioner was convicted and sentenced in Berks County. Accordingly, all of the records necessary to appropriately dispose of this case are located in Berks County. In addition, it is more likely than not that any potential witnesses are located in Berks County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania Court. Furthermore, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district in which the county is located in which the petitioner was convicted.

For the reasons set forth above, it is respectfully recommended that the Motion to Transfer this Case to the United States District Court for the Eastern District of Pennsylvania (doc. no. 10) be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                            Lisa Pupo Lenihan
                                            United States Magistrate Judge

January 4, 2007

cc: Gary L. Lancaster
    United States District Judge

    FRANCISCO PEREZ
    BF-6341
    D Block Cell 35
    Dallas, PA 18612

    Alisa R. Hobart
    Office of the District Attorney of Berks County
    633 Court Street
    Berks County Services Center
    Reading, PA 19601